**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HECTOR ULISES CISNEROS-TOPETE,

    Defendant - Appellant.

No. 19-2135
(D.C. No. 2:19-CR-01290-JAP-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **EID**, and **CARSON**, Circuit Judges.
_____

Hector Ulises Cisneros-Topete pleaded guilty to reentry of a removed alien in

violation of 8 U.S.C. §§ 1326(a) and (b). The district court sentenced him to

37 months' imprisonment. Although his plea agreement contained a broad waiver of

his appellate rights, he seeks to challenge his sentence through this appeal. The

government has moved to enforce the appeal waiver in the plea agreement under

*United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the

scope of the waiver of appellate rights; (2) whether the defendant knowingly and

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied: (1) Mr. Cisneros-Topete's appeal is within the scope of the appeal waiver because his sentence was within the range contemplated by the plea agreement; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. In response to the government's motion, Mr. Cisneros-Topete, through counsel, states that he "has found no non-frivolous argument in opposition to the Government's Motion." Resp. at 1.

Based on this concession and our independent review of the record, we grant the government's motion and dismiss the appeal. We do so, however, without prejudice to Mr. Cisneros-Topete's right to pursue post-conviction relief on the grounds permitted in his plea agreement.

Entered for the Court
Per Curiam